IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv256-W
(3:07cr79)

| | |
|---|---|
| RUBEN NOYOLA GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on May 23, 2011 (Doc. No. 1).

I.  PROCEDURAL HISTORY

On March 11, 2008, Petitioner was convicted by a jury of conspiracy to possess with intent to distribute at least 100 kilograms of marijuana (Count One), and possession of at least 100 kilograms of marijuana with intent to distribute. (Criminal case 3:07cr79, Doc. No. 194: Jury Verdict). At sentencing, the Court held Petitioner responsible for over 4000 kilograms of marijuana, resulting in a base offense level of 34 and Petitioner was sentenced to 280 months imprisonment.[1] (Id., Doc. No. 301: Sentencing Transcript at 103). Petitioner filed a timely notice of appeal. (Id., Doc. No. 287: Notice of Appeal). On appeal, Petitioner challenged the managerial role enhancement and the weapon enhancement. Petitioner also argued that this Court considered unreliable and

---

[1] Petitioner's base offense level was enhanced for his managerial role and for a weapon and his criminal history was a category I, yielding an advisory guideline range of 262 - 327 months.

1

unsubstantiated evidence to find him responsible for 4790.45 kilograms of marijuana; that the evidence was insufficient to support the jury's guilty verdict and that his counsel was ineffective. On February 29, 2010, in an unpublished decision, the Fourth Circuit affirmed Petitioner's conviction and sentence concluding that both enhancements were proper; that the evidence was sufficient to support the jury's verdict and that there was credible evidence of Petitioner's direct involvement with at least 3000 kilograms of marijuana was presented to the district court and therefore, this Court's determination that Petitioner was responsible for that amount was not clearly erroneous.[2] United States v. Garcia, 365 F. App'x 520 (4th Cir. 2010) (unpublished).

On May 23, 2011, Petitioner filed the instant Motion alleging that the Court erred in failing to instruct the jury that it had to determine the amount of marijuana attributable to each defendant and in failing to provide the jury with an instruction pursuant to Pinkerton v. United States, 328 U.S. 640 (1946). Petitioner also contends that the sentence imposed by this Court violates the Sixth Amendment and that his counsel, at trial and on appeal, were ineffective for failing to raise the issues regarding the faulty jury instructions.

II.     LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to relief on his claims.

---

[2] The Court also determined that Petitioner's ineffective assistance of counsel claims were not cognizable on direct appeal.

A.      Petitioner's claims Regarding the Jury instructions are Procedurally Defaulted

Petitioner's claims regarding the jury instruction are procedurally defaulted because he did not raise them on appeal. Claims that could have been raised on appeal, but were not may not be asserted in collateral proceedings. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent. See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Petitioner contends that all of his procedurally barred claims were not previously presented "due to the ineffective assistance of counsel." (Doc. No. 1 at 5). When using ineffective assistance of counsel to excuse procedural default of another independent claim, counsel must have been so wholly deficient as to violate Petitioner's Sixth Amendment right. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986), abrogated on other grounds by Sawyer v. Whitley, 505 U.S. 333 (1992)). Thus, Petitioner must show that by failing to challenge these issues, counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court has explained that while ineffective assistance of counsel may establish cause for a procedural default, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486. Petitioner's blanket conclusory assertion that his claims regarding the jury instructions were not raised on appeal because of ineffective assistance of

counsel falls short of establishing "cause" for his procedural default. Petitioner has not met his burden in establishing cause for failing to raise these claims on direct appeal. Therefore, Petitioner has defaulted these claims barring collateral review.

    B.    Merits Analysis

To the extent that procedural bar is not applicable and to the extent Petitioner's general reference to ineffective assistance of counsel is deemed sufficient to overcome his procedural bar, the Court will address the merits of Petitioner's claims. Petitioner contends that this Court "erred by failing to instruct the jury for purposes of setting a specific threshold drug quantity under 21 U.S.C. § 841(b) that it had to determine what amount of marijuana was attributable to each defendant. Petitioner also argues that this Court "erred by failing to instruct the jury that they must apply the Pinkerton principles to their calculation of the threshold quantity." (Doc. No. 1 at 4). Petitioner is incorrect and the record reflect that this Court's instructions were appropriate and consistent with the principles discussed in Pinkerton[3] and Collins.[4]

A review of the jury instructions reveal that with respect to Count One, the conspiracy count, the Court instructed the jury on the elements of a conspiracy and then instructed the jury that if they "return[ed] a verdict of guilty on Count One [they] must then determine the quantity of marijuana involved in the overall conspiracy." (Criminal Case 3:07cr79, Doc. No. 253, Vol. V Trial Transcript at 1114). The Court explained that the jury would be asked on the special verdict sheet, to determine whether the government has proved beyond a reasonable doubt what quantities of marijuana within certain ranges were involved in the charged conspiracy. The Court went on to explain that "[w]hen

---

[3] Pinkerton v. United States, 328 U.S. 640 (1946).

[4] Collins v. United States, 415 F.3d 304 (4th Cir. 2005).

determining a drug quantity you should keep in mind that all members of a conspiracy are responsible for acts committed by the other members as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement." (Id.). With respect to Count Two, the Court instructed the jury as to the elements of possession with intent to distribute and then instructed that "[i]f you find that the government has proven beyond a reasonable doubt the three elements that [the Court] [has] just described to you, then there's one more issue that you must decide. [The Court has] provided you with a special verdict form asking you to fill in the amount and type of drugs each defendant possessed or distributed. The burden is on the government to establish the type and amount of drugs beyond a reasonable doubt." (Id. at 1122).

These instructions do not, as Petitioner contends, run afoul of the principles established in Pinkerton. In Collins, the Fourth Circuit explained that the threshold drug quantities for penalty purposes under § 841(b) must be determined by a jury beyond a reasonable doubt. The Court also held that a district court must instruct a jury that in establishing the threshold drug quantities, it must, pursuant to Pinkerton, determine the quantity attributable to each co-conspirator or the amount that was in furtherance of the conspiracy and reasonably foreseeable to each defendant as opposed to the conspiracy as a whole. United States v. Collins, 415 F.3d 304, 314 (4th Cir. 2005).

Here, the Court instructed, consistent with Pinkerton and Collins, that all members of a conspiracy are responsible for acts committed by the other members as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement. (Criminal Case 3:07cr79, Doc. No. 253, Vol. V Trial Transcript at 1114). The Court also provided a special verdict form and on that form if the jury found Petitioner guilty of Count One, the conspiracy count, the jury then answered the question did the Government prove beyond a reasonable

5

doubt that the conspiracy as to Petitioner involve distribution of at least 100 kilograms of marijuana. (Id., Doc. No. 194 ¶ 3(a)). With respect to the substantive offense, the Court instructed that the jury must determine, based on the evidence presented, the type of drug and the amount of that drug as to each defendant. (Id., Doc. No. 253, Vol. V Trial Transcript at 1122) The jury, on the special verdict form, had to indicate, after finding Petitioner guilty of Count Two, whether the Government had proven beyond a reasonable doubt that Petitioner possessed or aided and abetted the possession of at least 100 kilograms of marijuana. (Id., Doc. No. 194 ¶ 6(a)).

A review of the instructions given to the jury reveals that the jury instructions given were consistent with Pinkerton and Collins and Petitioner has not established that this Court erred in instructing the jury.

      C.      Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). To establish Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506

6

U.S. 364, 369 (1993)). In challenging his sentence, a petitioner must show, at a minimum, a "reasonable probability that his sentence would have been more lenient" but for counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999) (internal quotations omitted). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

Petitioner contends that his counsel was ineffective for failing to raise, during trial and on appeal, the above issues with respect to the jury instructions. As discussed above, there is no merit to Petitioner's claims that the Court erred in instructing the jury regarding drug quantity, therefore, Petitioner cannot establish deficiency or prejudice for counsel's failure to raise them during trial or on appeal and his claim must fail.

   D. Petitioner's Sentencing Claim is Procedurally Barred

Petitioner contends that his sentence violates the Sixth Amendment because the Court considered evidence at sentencing finding Petitioner responsible for greater quantities of marijuana than the jury found. On appeal, Petitioner argued that the district court considered unreliable and unsubstantiated evidence to find him responsible for 4790.45 kilograms of marijuana. The Fourth Circuit considered this Court's calculation of the quantity of drugs attributable to the Petitioner and concluded that "credible evidence of [Petitioner's] direct involvement with at least 3000 kilograms of marijuana was presented to the district court, and its determination that [Petitioner] was responsible for that amount was not clearly erroneous.⁵ United States v. Garcia, 365 F. App'x. 520, 525 (4th Cir. 2010). The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided

---

⁵ The Fourth Circuit noted that even "reducing the total quantity attributed to [Petitioner] by 453.6 kilograms leaves of total of 4336.85 kilograms, well within the range of 3000-10,000 kilograms for base offense level 34."

7

by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

IV. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on his claims.

**IT IS, THEREFORE ORDERED** that:

1. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is

debatable, and that petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: May 25, 2011

Frank D. Whitney
United States District Judge