**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv603-FDW
(3:07cr79-FDW-7)**

| | | |
|---|---|---|
| **RUBEN NOYOLA GARCIA,** | ) | |
| | ) | |
|     **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Respondent.** | ) | |

**THIS MATTER** is before the Court upon initial review of Ruben Noyola Garcia's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.)

**I.     BACKGROUND**

On March 11, 2008, a jury convicted Petitioner of conspiracy to possess with intent to distribute at least 100 kilograms of marijuana (Count One), and possession of at least 100 kilograms of marijuana with intent to distribute. Jury Verdict, United States v. Ruben Noyola Garcia, 3:07cr79-FDW (W.D.N.C. filed Mar. 11, 2008), Doc. No. 194. At sentencing, the Court held Petitioner responsible for over 4000 kilograms of marijuana, resulting in a base offense level of 34. The Court sentenced Petitioner to 280 months imprisonment. Sentencing Tr. 103, id. at Doc. No. 301.

On appeal, Petitioner challenged a managerial role enhancement and a weapon enhancement. Petitioner also argued that this Court considered unreliable and unsubstantiated evidence to find him responsible for 4790.45 kilograms of marijuana; that the evidence was insufficient to support the jury's guilty verdict, and that his counsel was ineffective. On

1

February 19, 2010, in an unpublished decision, the Fourth Circuit affirmed Petitioner's conviction and sentence, concluding that both enhancements were proper; that the evidence was sufficient to support the jury's verdict; that the Court's determination that Petitioner was responsible for at least 3000 kilograms of marijuana was not clearly erroneous; and that Petitioner's ineffective assistance of counsel claims were not cognizable on direct appeal. United States v. Garcia, 365 F. App'x 520 (4th Cir. 2010) (unpublished).

On May 23, 2011, Petitioner filed a Motion to Vacate Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Motion, Garcia v. United States, 3:11cv256-FDW (W.D.N.C. filed May 23, 2011), Doc. No. 1. It was denied and dismissed on May 25, 2011. Order, id. at Doc. No. 2. His appeal to the Fourth Circuit Court of Appeals was dismissed. Unpublished Opinion, id. at Doc. No. 8. Petitioner filed the instant Motion to Vacate Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on August, 5, 2016.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4(b) of the Rules Governing Section 2255 Proceedings, which directs district courts to examine habeas motions promptly. Rule 4(b), 28 U.S.C.A. foll. § 2255. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides for an express limitation on a prisoner's ability to attack his or her criminal judgment in a subsequent collateral proceeding. See 28 U.S.C. § 2244. This Court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Because Petitioner

2

offers no indication that he has obtained certification from the Fourth Circuit to file a second or successive § 2255 motion, his § 2255 motion must be dismissed as unauthorized.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized successive § 2255 motion;

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 3, 2016

Frank D. Whitney
Chief United States District Judge