UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:07-cr-00079-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| RUBEN NOYOLA GARCIA, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's *pro se* Motion for a reduction in sentence pursuant to the First Step Act of 2018, (Doc. No. 453), his supplemental filings in support of his Motion, (Doc. Nos. 461, 471, 473, 480, 484), and request, in the alternative, for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. Nos. 461, 484). For the foregoing reasons, the Court DENIES Defendant's Motion for a reduction in sentence pursuant to Section 404 of the First Step Act of 2018. In addition, the Court hereby CONSTRUES Defendant's pleading (Doc. No. 461) as a Motion for Compassionate Release, and it is DENIED AS MOOT.

I. Background

On March 11, 2008, Defendant was convicted following a jury trial of conspiracy to possess with intent to distribute of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) ("Count 1"), and possession with intent to distribute marijuana and aiding abetting the same, in violation of 21 U.S.C. § 841(a)(1) ("Count 2"). (Doc. No. 194, pp. 3, 6). As a result, Defendant was sentenced to a term of imprisonment of 280 months for Count 1 and 280 months for Count 2, each to run concurrently. (Doc. No. 280, p. 2). The Court sentenced Defendant to five years of

1

supervised release on Count 1 and four years of supervised release on Count 2 to run concurrently. (Id., p. 3). Defendant's projected release date is June 30, 2023. (Doc. No. 461-2, p. 2).

While Defendant's Motion was pending, the Bureau of Prisons ("BOP") transferred Defendant from Great Plains Correctional Institution in Hinton, Oklahoma, to Edgefield Federal Correctional Institution in Edgefield, South Carolina.[1] (See Doc. Nos. 453; 480).

## II. Sentence Reduction Pursuant to Section 404 of the First Step Act

Defendant asks this Court to determine if he is "eligible to get any kind of releaf [sic] or how can [he] benefit from the 'First Step Act.'" (Doc. No. 453). Defendant presumably seeks relief pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which gave retroactive effect to the changes made in Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220. The Fair Sentencing Act described itself as intended "[t]o restore fairness to Federal cocaine sentencing." Id., 124 Stat. at 2372. In Section 2, labeled "Cocaine Sentencing Disparity Reduction," the Fair Sentencing Act increased the quantities applicable to cocaine base to 280 grams for the ten-year mandatory minimum and to 28 grams for the five-year mandatory minimum. Id. § 2, 124 Stat. at 2372 (codified at 21 U.S.C. § 841(b)(1)). In Section 3, the Fair Sentencing Act eliminated the mandatory minimum sentence for "simple possession" of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372 (codified at 21 U.S.C. § 844(a)).

In making the Fair Sentencing Act retroactive, Congress "authoriz[ed] district courts to impose a reduced sentence on specified '*covered offenses*' as if the Fair Sentencing Act were in effect at the time the offenses were committed." United States v. Lancaster, 997 F.3d 171, 173 (4th Cir. 2021) (emphasis added); see also Collington, 995 F.3d 347, 352 (4th Cir. 2021). Only if

---

[1] See https://www.bop.gov/inmateloc/, visited 4/11/2022.

2

Case 3:07-cr-00079-FDW   Document 485   Filed 04/12/22   Page 2 of 5

Defendant's sentence satisfies the explicit criteria to *qualify* for a reduction under the First Step Act may the Court then consider a discretionary reduction. Lancaster, 997 F.3d at 174; see also Collington, 995 F.3d at 354. As a threshold consideration, Defendant was convicted of two drug offenses in which he was found to be responsible for 4,790.45 kilograms of marijuana. (Doc. No. 244, ¶ 25). These marijuana crimes are not "covered offenses" under the First Step Act and thereby do not qualify for a sentence reduction.

### III.     Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

Although Defendant's original motion, (Doc. No. 453), does not explicitly mention Compassionate Release relief under 18 U.S.C. § 3582(c)(1)(A), subsequent filings included medical records, (Doc. No. 461), and requests to this Court to "please review my motions" for "conpasionatte [sic] release and also on the first step act." Notwithstanding the generalized relief sought, Defendant's circumstances have materially changed since the filing of his original motion which renders his claim moot.

In order to grant compassionate release, this Court must find: "(1) that extraordinary and compelling reasons warrant such a reduction," and (2) "that such a reduction is consistent with [the] applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Kibble, 992 F.3d 326, 330 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021) (noting the district court's consideration of § 3553(a) factors should be "consistent with the applicable policy statements issued by the Sentencing Commission." (internal quotations omitted)). Here, Defendant's transfer from Great Plains Correctional Institution in Hinton, Oklahoma, to Edgefield Federal Correctional Institution in Edgefield, South Carolina, is a material change in circumstances, rendering his Motion for Compassionate Release moot. See

3

United States v. Barnes, No. 20-7730, 2022 WL 152417, at *2 (4th Cir. Jan. 18, 2022) (recognizing that the defendant's "condition and circumstances have changed materially since the court denied his motion," and concluding that the defendant "should have the opportunity to argue why he is entitled to compassionate release based on his current condition and circumstances.").

In an unpublished decision from the Fourth Circuit, the court noted that since the defendant "requested a sentence reduction, not just removal from his then-current place of incarceration," it would "still be possible that [he] could obtain the relief he requested." United States v. Spicer, No. 21-7739, 2022 WL 910907, at *1 n.* (4th Cir. Mar. 29, 2022) (per curium). Unlike the defendant in Spicer, Defendant here neither offered supporting detail for the basis on which he sought compassionate release, nor related his two-page medical records to a request for compassionate release. (Doc. Nos. 484; 461-2, pp. 5-6). Rather, Defendant merely urged the Court "to add this aditional [sic] information to my motion First Step Act [sic] pro se." (Doc. No. 461). Having already ruled on the merits of Defendant's First Step Act Motion, Defendant has not asserted any additional grounds for which it is possible for the Court to grant any effectual relief. See United States v. Ketter, 908 F.3d 61, 65 (4th Cir. 2018) ("A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief.") (internal case citations and quotations omitted; emphasis in original)).

## IV.  Conclusion

For the reasons stated above, the Court declines under this record to grant Defendant's Motion for a reduction in sentence pursuant to the First Step Act of 2018, and Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS THEREFORE ORDERED that Defendant's Motion for a reduction in sentence pursuant to the First Step Act of 2018, (Doc. No. 453), is DENIED.

IT IS FURTHER ORDERED that the Court CONSTRUES Defendant's pleading as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. No. 461), and it is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: April 12, 2022

Frank D. Whitney
United States District Judge